UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG ANDRA MOORE,

    Plaintiff,

v.                                                   Case No. 8:10-cv-86-T-23TGW

CITY OF ST. PETERSBURG, et al.,

    Defendants.
_____/

## O R D E R

Moore's complaint alleges that the defendants violated his civil rights by using excessive force during his arrest. Moore was granted leave to proceed in forma pauperis (Doc. 6). Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), service on some of the defendants is not warranted and Moore must file an amended complaint.

The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's action "if the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Moore alleges that police officers Brown and Hartzig used excessive force during his arrest when they gratuitously tasered him after he was subdued. Moore alleges that Sgt. McCoy arrived on the scene and removed the taser darts but he failed to summon

paramedics. Moore may purse his claims against these three defendants after he files an amended complaint using the required form.

Moore names the "City of St. Petersburg" and the "St. Petersburg Police Department" as defendants. The "St. Petersburg Police Department" is not a legal entity subject to suit. The compliant asserts no claim against the "City of St. Petersburg" because Moore fails to provide facts showing that the individual police officers acted pursuant to a policy or custom. Moore cannot base a Section 1983 claim on respondeat superior. Monell v. N.Y.C. Dept. of Social Services, 436 U.S. 691, 694 (1978); Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997).

To the extent the complaint might assert a claim that Moore was denied medical care while in jail, the complaint fails to identify a defendant responsible for the allegedly inadequate medical care.

Accordingly, the "City of St. Petersburg" and the "St. Petersburg Police Department" are **DISMISSED** from this case. The civil rights complaint (Doc. 1) is **DISMISSED** without prejudice. The clerk shall send to Moore a civil rights complaint form. Moore has **TWENTY (20) DAYS** to file an amended complaint using the required form.

ORDERED in Tampa, Florida, on April 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE